THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEEHAM RAHMAN,

        Plaintiff,

v.

DAPHNE CHEN, *et al.*,

        Defendants.

CASE NO. C17-1005-JCC

ORDER DISMISSING COUNTERCLAIMS

This matter comes before the Court on Plaintiff Seeham Rahman's motion to dismiss all counterclaims made by Defendants Daphne Chen and Timothy Chen (Dkt. No. 16). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Rahman's motion for the reasons explained herein.

Rahman is a citizen of Bangladesh and a permanent resident of the United States. (Dkt. No. 2 at 3.) As a condition of Rahman's visa for entry into the United States, Daphne Chen and Timothy Chen (collectively "Defendants") signed a Form I-864, Affidavit of Support ("I-864 Affidavit"). (Dkt. Nos. 2 at 3, 2-5 at 8, 2-6 at 8.) The I-864 Affidavit represents a binding agreement between the affiant and the United States for the benefit of the sponsored immigrant. *Erler v. Erler*, 824 F.3d 1173, 1175 (9th Cir. 2016) (citing 8 U.S.C. § 1183a(a)(1); 8 C.F.R. § 213a.2(d)). Defendants are, therefore, obligated to provide sufficient support to Rahman to ensure he receives income equal to at least "125 percent of the Federal poverty line during the

period in which the affidavit is enforceable." 8 U.S.C. § 1183a(a)(1)(A). This obligation remains in force until Rahman: (1) becomes a U.S. citizen, (2) is credited with 40 quarters of coverage under the Social Security Act, (3) leaves the U.S. and terminates permanent resident status, (4) is the subject of a new affidavit of support, or (5) dies. 8 U.S.C. § 1183a(a)(2)–(3); 8 C.F.R. § 213a.2(e)(2)(i). None of these terminating events have yet occurred. (Dkt. No. 2 at 8–9.)

Rahman, as a third-party beneficiary, brings suit for breach of the Defendant's I-864 support obligation. (Dkt. No. 2 at 9–11); *see Matter of Kahn*, 332 P.3d 1016, 1017 (Wash. 2014). Defendants assert the following state law counterclaims: rescission, fraud, battery, assault, and outrage. (Dkt. No. 14 at 21–24.) Rahman moves to dismiss the counterclaims. (Dkt. No. 16.) As a threshhold matter, Rahman asserts the Court lacks subject matter jurisdiction to adjudicate Defendants' counterclaims. (Dkt. No. 16 at 16); *see* Fed. R. of Civ. P. 12(b)(1). The Court agrees. The Court has original jurisdiction for actions arising under laws of the United States and supplemental jurisdiction for state law claims forming the same case or controversy. 28 U.S.C. §§ 1331, 1367(a); *see Kuba v. A-1 Agric. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004) (claims form the same case or controversy when they "derive from a common nucleus of operative fact[s] and are such that a [party] would ordinarily be expected to try them in one judicial proceeding.").

At issue before the Court is a claim based on federal law—whether Defendants' breached their I-864 support obligation in failing to support Rahman. (Dkt. No. 2 at 9–11.) Defendants, in asserting that the Court has supplemental jurisdiction over their state law counterclaims, allege the counterclaims share a common nucleus of facts with their contract-based defenses and on this basis supplemental jurisdiction would apply. (Dkt. No. 19 at 17); *see* 28 U.S.C. § 1367(a). But those defenses are invalid as a matter of law. *See Liu v. Kell*, C17-0640-JCC, Dkt. No. 35 at *6 (W.D. Wash. Oct. 26, 2017) ("federal law underlying the I-864 Affidavit clearly specifies the instances in which the support obligation can be avoided" and contract defenses are not on that list); *Dorsaneo v. Dorsaneo*, C17-00765-VC, Dkt. No. 55 at *1–2 (N.D. Cal. July 31, 2017) ("Permitting a sponsor to evade his support obligation by asserting a defense of fraud in the

inducement is inconsistent with the purpose of the I-864 requirement, because it would place lawful permanent residents at risk of becoming dependent on the government for subsistence."); *see also Erler*, 824 F.3d at 1177 (9th Cir. 2016) (noting that the only basis to avoid an I-864 support obligation is a terminating event articulated in the statute).[1] Absent application of Defendants' contract-based defenses, there is no common nucleus of facts between Defendants' state law counterclaims and Plaintiff's federal claim and, therefore, no basis for the Court to extend supplemental jurisdiction to Defendants' counterclaims. On this basis alone, dismissal is warranted. The Court need not reach Plaintiff's remaining arguments supporting dismissal.

For the foregoing reasons, Rahman's motion to dismiss Defendants' counterclaims (Dkt. No. 16) is GRANTED. The claims are dismissed with prejudice and without leave to amend.

DATED this 5th day of December 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] The Court is aware that a handful of other Courts have concluded that contract-based defenses may apply to enforcement of an I-864 support obligation. *See Dorsaneo v. Dorsaneo*, C17-00765-VC, Dkt. No. 55 at *1–2 (N.D. Cal. July 31, 2017) (discussing those decisions). But this Court does not view those decisions as consistent with *Erler* or persuasive, given that they were generally resolved against the affiant(s) on evidentiary grounds. The Court also notes that Defendants misread this Court's decision in *Liu v. Kell*, C17-0640-JCC, Dkt. No. 35 (W.D. Wash. Oct. 26, 2017). While the Court did deny summary judgment on the defense of equitable estoppel in that I-864 enforcement proceeding, the basis for the Court's denial was procedural, not substantive. *Id.* at *3, 7–9.

ORDER DISMISSING COUNTERCLAIMS
C17-1005-JCC
PAGE - 3